IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICK F. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-cv-219-WKW-SRW |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE[1]

On April 13, 2017, the plaintiff, who proceeds *pro se*, filed a complaint seeking

review of an adverse decision of the Acting Commissioner of Social Security, and a motion

to proceed *in forma pauperis*. *See* Doc. 1; Doc. 2. In an order entered on April 17, 2017,

the court granted the plaintiff's motion for leave to proceed *in forma pauperis* and directed

the plaintiff to file a brief in support of this appeal within 40 days after the Acting

Commissioner filed her answer to the plaintiff's complaint. *See* Doc. 3. The Acting

Commissioner filed a timely answer on July 17, 2017, but the plaintiff did not file a

supporting brief in accordance with the April 17, 2017 order.

On April 5, 2018, the court entered an order directing the plaintiff to show cause,

on or before April 20, 2018, why this case should not be dismissed for lack of prosecution,

---

[1] On April 30, 2018, Chief United States District Judge William Keith Watkins referred this matter to the Magistrate Judge for disposition or recommendation as to all pretrial matters pursuant to 28 U.S.C. § 636(b). *See* Doc. 13.

and cautioned the plaintiff that failure to comply with the April 5 order may result in the dismissal of this lawsuit. *See* Doc. 10. *See also, e.g.*, Fed. R. Civ. P. 41(b) (authorizing district courts to dismiss an action for failure to obey a court order); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The plaintiff did not respond to the April 5 order. Indeed, the plaintiff has not taken any action in support of this appeal since he filed a complaint and the motion for leave to proceed *in forma pauperis*.

A "district court possesses the inherent power to police its docket" and to prune out those cases left to languish by litigants. *Collins v. Lake Helen, L.P.*, 249 F. App'x 116, 120 (11th Cir. 2007). *See also State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) (a court has the obligation and inherent authority to ensure the efficient disposition of the cases that are on its docket) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss for lack of prosecution)). "[O]nce a *pro se* [*in forma pauperis*] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders." *Moon*, 863 F.2d at 837. Specifically, "[t]he court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[2] In addition to the authority vested

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.

in the court by Rule 41 of the Federal Rules of Civil Procedure, the power to dismiss an action "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Hartline*, 693 F.2d at 1352 (citing *Link*, 370 U.S. at 630-31). However, "dismissal of an action with prejudice is a sanction of last resort, applicable only in extreme circumstances … [it] is generally reserved for cases of willful disobedience to court orders." *Id.* (citations and internal marks omitted).

The plaintiff was warned that a dismissal of this cause would be forthcoming if he did not respond to the April 5, 2018 order, but that warning resulted in no action. Because the plaintiff appears to be unwilling to engage in the prosecution of this matter or to follow the court's directives, the court cannot "achieve the orderly and expeditious disposition" of this cause on the merits. *Lopez*, 570 F.2d at 544. As the plaintiff has taken no action on the record since this case was filed on April 13, 2017, and he did not file a response to the April 5, 2018 order, the court concludes that the plaintiff has abandoned this lawsuit.

"The power to dismiss for want of prosecution should be used sparingly and only when less drastic alternatives have been explored." *Lopez*, 570 F.2d at 544 (citing *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976), *cert. denied*, 429 U.S. 1107 (1977)). The court has explored lesser sanctions, but no sanction or other court action except for dismissal will likely produce results after, as in this case, plaintiff has demonstrated an unwillingness to respond to court orders.

However, the court concludes that plaintiff's inaction does not constitute the "extreme circumstances" or bad faith necessary to justify a *sua sponte* dismissal with prejudice. *Hartline*, 693 F.2d at 1352. There is no evidence that the plaintiff has intentionally disobeyed the court's orders or that he has "been repeatedly and stubbornly defiant." *Moon*, 863 F.2d at 839. The court directed the plaintiff to take action, and the plaintiff has not done so. It is possible that the plaintiff has willfully disobeyed the court's directives, but there are other potential explanations for the plaintiff's failure to prosecute this case that do not implicate bad faith or willful disobedience by the plaintiff. On the instant record, the plaintiff seems to have simply given up on this appeal.

## CONCLUSION AND RECOMMENDATION

Because the plaintiff has refused to prosecute this case or to respond to the court's orders, a sanction other than dismissal would be ineffective. However, in this instance, the less drastic sanction of dismissal without prejudice will suffice. *See Moon*, 863 F.2d at 837. Thus, for the reasons explained herein and in the April 5, 2018 order, it is the **RECOMMENDATION** of the Magistrate Judge that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

In addition, it is

**ORDERED** that **on or before May 15, 2018**, plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

4

5

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 1st day of May, 2018.

/s/ Susan Russ Walker_____
Susan Russ Walker
United States Magistrate Judge